Filed 11/3/21  P. v. Fernandez CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>JOHN GABRIEL FERNANDEZ,<br><br>    Defendant and Appellant. | F080069<br><br>(Super. Ct. No. VCF190158B)<br><br>**OPINION** |

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Tulare County.  Gary L. Paden, Judge.

Jacquelyn Larson, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Louis M. Vasquez, Eric L. Christoffersen, Amanda D. Cary, and William K. Kim, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]    Before Levy, Acting P. J., Detjen, J. and Smith, J.

## INTRODUCTION

In 2008, a jury convicted petitioner John Gabriel Fernandez of first degree murder (Pen. Code,[1] § 187, subd. (a))[2], with the special circumstance that petitioner intentionally killed the victim while an active participant in a criminal street gang (§ 190.2, subd. (a)(22)).[3]  For this offense, petitioner was sentenced to a term of life without the possibility of parole.

In 2019, petitioner filed a petition for resentencing pursuant to section 1170.95. The court summarily denied the petition on the ground petitioner was ineligible for relief.

On appeal, petitioner argues the court erred in failing to appoint counsel and in ruling on the petition without affording both parties an opportunity to file responsive briefing.  Although we agree the court erred, we conclude petitioner was not prejudiced by these errors because the record establishes petitioner is ineligible for resentencing as a matter of law.  Accordingly, we affirm.

## FACTUAL AND PROCEDURAL HISTORY

In petitioner's direct appeal,[4] we briefly summarized the facts underlying petitioner's offenses as follows:

> "[Petitioner] and Brandon Florez were active members of the same criminal street gang.  On August 17, 2007, [petitioner] attacked 16-year-old D.S., who was mistakenly believed to be a member of a rival gang.  Florez arrived, pulled out a handgun, and fired several shots at the victim.  One of

---

[1]    Undesignated statutory references are to the Penal Code.

[2]    Petitioner points out that, when reading the verdict, the court clerk stated the jury convicted petitioner of murder in the second degree.  However, the sentencing minute order, abstract of judgment, opening brief in petitioner's direct appeal, and appellate opinion in petitioner's direct appeal all state petitioner was convicted of first degree murder.  The verdict forms themselves are not contained in the record on appeal.

[3]    Petitioner was convicted of additional enhancements, as described below.

[4]    Our decision in petitioner's direct appeal was before the trial court and is referred to by both parties.

2.

the bullets penetrated the victim's heart and killed him. Florez and [petitioner] fled together." (*People v. Fernandez* (Apr. 7, 2010, F057524) [nonpub. opn.].)

On November 26, 2008, a jury convicted petitioner of first degree murder. (§ 187, subd. (a); count 1). The jury further found true a criminal street gang special circumstance (§ 190.2, subd. (a)(22)), a criminal street gang enhancement (§ 186.22, subd. (b)), and two firearm enhancements (§ 12022.53, subds. (c), (d), (e)(1)).

On February 20, 2009, the trial court sentenced petitioner to a term of life without the possibility of parole. A sentence of 25 years to life on one of the firearm enhancements (§ 12022.53, subds. (d), (e)(1)) was imposed and stayed. On April 7, 2010, this court affirmed the judgment. (*People v. Fernandez*, *supra*, F057524.)

On April 22, 2019, petitioner filed a petition for resentencing pursuant to section 1170.95. Therein, petitioner argued he was convicted of murder under a natural and probable consequences theory and could no longer be convicted of murder due to changes to sections 188 and 189 made by Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Senate Bill No. 1437).

On April 29, 2019, the court summarily denied the petition with the statement, "A review of the Court file demonstrates that petitioner is not eligible for relief." Petitioner did not appeal.

On August 26, 2019, petitioner filed a second petition for resentencing pursuant to section 1170.95. Petitioner once again argued he was convicted of murder under a natural and probable consequences theory and could no longer be convicted of murder due to changes to sections 188 and 189 made by Senate Bill No. 1437.

On September 3, 2019, the court summarily denied the second petition, stating, "A review of the Court file demonstrates that petitioner is not eligible for relief."

Petitioner timely appealed the denial of the second petition.

3.

## DISCUSSION

### I.     Senate Bill No. 1437 and Section 1170.95

Effective January 1, 2019, the Legislature passed Senate Bill No. 1437 "to amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).)  The bill accomplished this task by adding three separate provisions to the Penal Code.  (*People v. Gentile* (2020) 10 Cal.5th 830, 842 (*Gentile*).)  First, to amend the natural and probable consequences doctrine, the bill added section 188, subdivision (a)(3), which requires a principal to act with malice aforethought before he or she may be convicted of murder.  (§ 188, subd. (a)(3); accord, *Gentile*, at pp. 842-843.)  Second, to amend the felony-murder rule, the bill added section 189, subdivision (e):

> "A participant in the perpetration or attempted perpetration of [qualifying felonies] in which a death occurs is liable for murder only if one of the following is proven:  [¶]  (1) The person was the actual killer.  [¶]  (2) The person was not the actual killer, but, with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree.  [¶]  (3) The person was a major participant in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of Section 190.2."[5]  (§ 189, subd. (e); accord, *Gentile*, at p. 842.)

Finally, the bill "added section 1170.95 to provide a procedure for those convicted of felony murder or murder under the natural and probable consequences doctrine to seek relief under the two ameliorative provisions above."[6]  (*Gentile*, at p. 843.)

---

[5]     Additionally, section 189 was amended to allow for felony-murder liability where the victim is a peace officer.  (§ 189, subd. (f); accord, *People v. Daniel* (2020) 57 Cal.App.5th 666, 672, review granted Feb. 24, 2021, S266336.)

[6]     The Legislature recently passed, and the Governor signed, a bill amending section 1170.95.  (Sen. Bill No. 775 (2021-2022 Reg. Sess.).)  The amendments are not yet

"Section 1170.95 lays out a process for a person convicted of felony murder or murder under a natural and probable consequences theory to seek vacatur of his or her conviction and resentencing." (*Gentile*, *supra*, 10 Cal.5th at p. 853.)  First, "an offender must file a petition in the sentencing court averring that:  '(1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine[;]  [¶]  (2) The petitioner was convicted of first degree or second degree murder following a trial or accepted a plea offer in lieu of a trial at which the petitioner could be convicted for first degree or second degree murder[;]  [¶]  [and] (3) The petitioner could not be convicted of first or second degree murder because of changes to Section 188 or 189 made effective January 1, 2019.'  (§ 1170.95, subd[]. (a)(1)-(3); see also § 1170.95, subd. (b)(1)(A).)  Additionally, the petition shall state '[w]hether the petitioner requests the appointment of counsel.'  (§ 1170.95, subd. (b)(1)(C).)  If a petition fails to comply with subdivision (b)(1), 'the court may deny the petition without prejudice to the filing of another petition.'  (§ 1170.95, subd. (b)(2).)"  (*People v. Lewis* (2021) 11 Cal.5th 952, 959-960 (*Lewis*).)

Where the petition complies with the requirements of section 1170.95, subdivision (b)(1), counsel must be appointed, if requested.  The prosecutor must file a response and the petitioner may file a reply.  The trial court must then review the petition to determine if the petitioner has made a prima facie showing that he or she is entitled to relief. (§ 1170.95, subd. (c); *Lewis*, *supra*, 11 Cal.5th at pp. 961-963, 967.)  In making this determination, the court may rely on the record of conviction.  (*Lewis*, at pp. 970-971.) However, the prima facie inquiry is limited and, at this stage of the proceedings, the court

effective (Cal. Const., art. IV, § 8, subd. (c)(1)) and, in any event, would not alter our analysis.  We quote from the version of section 1170.95 presently in effect.

5.

"should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion.' " (*Id*. at pp. 971-972.)

If the court determines the petitioner has met his or her prima facie burden, "the trial court must issue an order to show cause and hold a hearing to determine whether to vacate the murder conviction and to resentence the petitioner on any remaining counts. (§ 1170.95, subds. (c), (d)(1).) At the hearing, the prosecution must 'prove, beyond a reasonable doubt, that the petitioner is ineligible for resentencing.' (§ 1170.95, subd. (d)(3).) 'The prosecutor and the petitioner may rely on the record of conviction or offer new or additional evidence to meet their respective burdens.' (*Ibid.*)" (*Gentile*, *supra*, 10 Cal.5th at p. 853.)

To demonstrate prejudice from the denial of a section 1170.95 petition before the issuance of an order to show cause, the petitioner must show it is reasonably probable that, absent error, his or her petition would not have been summarily denied without an evidentiary hearing. (*Lewis*, *supra*, 11 Cal.5th at pp. 972-974; see *People v. Watson* (1956) 46 Cal.2d 818, 836.)

## II.    Petitioner was not Prejudiced by the Court's Errors

Petitioner argues the court erred in failing to appoint counsel and in ruling on the petition without affording both parties an opportunity to file responsive briefing on the petition. We agree, but conclude the errors were not prejudicial.

At the time the trial court ruled on the petition, our Supreme Court had not resolved whether section 1170.95 requires the appointment of counsel or further briefing immediately upon the filing of a facially sufficient petition. (See *Lewis*, *supra*, 11 Cal.5th at pp. 961-967.) However, our Supreme Court recently clarified that section 1170.95, subdivision (c) provides for a single prima facie review. Thus, counsel must be appointed if requested, and briefing must proceed, so long as the petition complies with the requirements of section 1170.95, subdivision (b)(1). (*Lewis*, at pp. 962-963, 967.) Here, there is no argument the petition failed to meet the requirements of section

1170.95, subdivision (b)(1). Accordingly, appointment of counsel and a full opportunity for briefing were required by section 1170.95, subdivision (c). (See *Lewis*, *supra*, 11 Cal.5th at pp. 961-963, 967.) The court erred in disposing of the petition without following these procedures.

We may affirm only if petitioner was not prejudiced by these errors. To demonstrate prejudice, petitioner must show that, absent the errors, it is reasonably probable his petition would not have been denied without an evidentiary hearing. (*Lewis*, *supra*, 11 Cal.5th at pp. 972-974.) Here, petitioner was not prejudiced by the summary denial of his petition because the record establishes he is ineligible for resentencing as a matter of law.

To be eligible for relief pursuant to section 1170.95, petitioner must not have been the actual killer, must not have acted with the intent to kill or malice aforethought, and must not have been a major participant in the underlying felony who acted with reckless indifference to human life. (§§ 188, subd. (a)(3), 189, subd. (e), 1170.95, subd. (a)(3); see *Gentile*, *supra*, 10 Cal.5th at pp. 842-843.) Here, the jury found true a special circumstance pursuant to section 190.2, subdivision (a)(22), which imposes a sentence of death or life without the possibility of parole for a murder involving defendant's active participation in a criminal street gang. To make such a finding, the jury was required to find that petitioner intended to kill the victim. (§ 190.2, subds. (a)(22), (c); accord, *People v. Fayed* (2020) 9 Cal.5th 147, 201-202 [considering murder for financial gain special circumstance pursuant to § 190.2, subd. (a)(1)].) The jury was instructed regarding this requirement.[7] Thus, the jury made the findings necessary to sustain a murder conviction under the law as amended by Senate Bill No. 1437. Petitioner therefore is ineligible for resentencing as a matter of law, and he was not prejudiced by

---

[7] We previously granted the People's request for judicial notice of the special circumstance instruction given in petitioner's trial.

the trial court's summary denial of his petition, even if that denial came prior to the appointment of counsel and without a full opportunity for briefing. (*Lewis*, *supra*, 11 Cal.5th at pp. 972-974.)

Petitioner relies on *People v. Brown* (2016) 247 Cal.App.4th 211 for the proposition that the jury's special circumstance finding does not necessarily exclude the possibility the jury convicted him under a natural and probable consequences theory. *Brown* involved a direct appeal from a conviction for first degree murder with a criminal street gang special circumstance, along with other offenses and allegations. (*Id.* at p. 213.) The Court of Appeal concluded the trial court erred in instructing the jury on the natural and probable consequences theory of first degree murder. (*Id.* at p. 225.) Further, the court could not conclude the instruction was harmless beyond a reasonable doubt. (*Id.* at pp. 226-227.) The court acknowledged the special circumstance required finding the defendant intended to kill the victim but, due to specific jury questions and irregularities in the taking of the verdict, the court was unable to conclude, beyond a reasonable doubt, that the guilty verdict was based on a jury finding that the defendant was the actual killer or a direct aider and abettor. (*Ibid.*)

In contrast, in petitioner's direct appeal, this court concluded that error in instructing the jury on the natural and probable consequences doctrine was harmless beyond a reasonable doubt in light of the evidence, arguments, and verdict, including the jury's finding on the criminal street gang special circumstance. (*People v. Fernandez*, *supra*, F075724.) Moreover, unlike *Brown*, the instant case does not involve the direct appeal of a conviction, but rather a petition for resentencing pursuant to section 1170.95. Under section 1170.95, a petitioner is eligible for resentencing only if he or she could no longer be convicted of murder because of changes to section 188 or 189 made by Senate Bill No. 1437. (§ 1170.95, subd. (a)(3).) Senate Bill No. 1437 did not alter murder liability for a perpetrator who intended to kill the victim. (See §§ 188, subd. (a)(3); 189,

8.

subd. (e).) Thus, the special circumstance finding renders petitioner ineligible for resentencing as a matter of law.

In sum, because the jury found petitioner intended to kill the victim, petitioner is ineligible for resentencing as a matter of law. (See *People v. Allison* (2020) 55 Cal.App.5th 449, 460.) Thus, the court's error in summarily denying the petition without the appointment of counsel and without full briefing was harmless. (*Lewis*, *supra*, 11 Cal.5th at pp. 972-974.)

## DISPOSITION

The order is affirmed.